UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD CORUM,<br><br>Defendant. | Case No. 24-cr-00405-JST-1<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: ECF No. 2 |

Now before the Court is Defendant Richard Corum's Motion for Early Termination of Supervised Release. ECF No. 2. The Court will grant the motion.

I.  **BACKGROUND**

Mr. Corum was convicted at trial of one count each of conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and threatening a witness with intent to influence his testimony in violation of 18 U.S.C. § 1512(a)(2)(A) and (a)(3)(B). *United States v. Corum*, 615 F. App'x 410, 411 (9th Cir. 2015). On June 23, 2014, the district court sentenced Mr. Corum to terms of imprisonment of 120 months on the conspiracy count and 36 months on the witness tampering count, to run concurrently. *See United States v. Corum*, Case No. 1:12-cr-00001-TMB, ECF No. 258 (D. Alaska June 23, 2014).

On September 8, 2020, Mr. Corum started his term of supervised release in the Eastern District of California before transferring supervision to the Northern District of California on September 23, 2020. On July 18, 2024, the Court granted a transfer of jurisdiction from the District of Alaska to the Northern District of California.

Mr. Corum has now served over four years of his term and seeks early termination of supervision. *See* ECF No. 2. The Probation Office supports Mr. Corum's motion, and the

1   government does not oppose it.  *See* ECF Nos. 4, 5.

2   **II.     LEGAL STANDARD**

3   Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which

4   provides that a court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1); *United States v. Henry*, No. 11-CR-7032-MLH, 2020 WL 4281966, at *2 (S.D. Cal. June 23, 2020).  In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) deterrence;
>
> (3) protection of the public;
>
> (4) the need to provide the defendant with educational or vocational training, medical care, or other rehabilitation;
>
> (5) the sentence and sentencing range established for the category of defendant;
>
> (6) any pertinent policy statement by the Sentencing Commission;
>
> (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion.[1]

---

[1] Congress specifically omitted from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18

The defendant bears the burden to justify the early termination of supervised release. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). The defendant is not required to demonstrate exceptional circumstances or undue hardship to prevail on a motion for early termination. *United States v. Ponce*, 22 F.4th 1045, 1047–48 (9th Cir. 2022).

The Court also considers the Judicial Conference's Guide to Judiciary Policy, which sets forth a presumption for early termination after 18 months of supervised release for most offenses. The Judicial Conference states there should be a presumption of early termination provided a defendant meets the following criteria:

> (1) the person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any court-reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

8E *Guide to Judiciary Policy* § 360.20(C) (2018). This presumption does not apply to Mr. Corum, however, because he is a career offender. *See United States v. Corum*, Case No. 1:12-cr-00001-TMB, ECF No. 266 (D. Alaska June 23, 2014) ("Having considered the briefings of the parties on this issue and having reviewed the record and the authority cited by the parties, I conclude that Mr. Corum does qualify as a career offender.").

### III.  ANALYSIS

After analyzing the relevant § 3553(a) factors, the Court finds that early termination of supervision is warranted by Mr. Corum's conduct and the interests of justice.

Mr. Corum has served over four years of his six-year term of supervised release without violating the terms of his supervision. He has complied with all the terms of release. The Northern District of California's Probation Office reports that "Mr. Corum has been cooperative and compliant with U.S. Probation." ECF No. 4 at 1. He has satisfied his special assessment and

U.S.C. §§ 3553(a)(2)(A), 3583(e).

3

has tested negative for any illicit substances while on supervised release. *Id.* He is employed full-time with Tower WAV LLC in San Francisco and STAR Transit in Oakland, earning approximately $3,600 per month. *Id.* "Throughout supervision, he has demonstrated stability in his home and the ability to support himself through his employment." *Id.* The Probation Office has also utilized the Post-Conviction Risk Assessment Tool ("PCRA") to determine the risk of recidivism Mr. Corum poses. The PCRA places Mr. Corum in the Low Moderate Category 2 with Social Networks as his Dynamic Risk Factor(s). *Id.* at 1–2. "Clients in this category have a 7% revocation rate in the next twelve months." *Id.* at 2.

Mr. Corum seeks early termination because he would like to be able to travel with his family and spend more time with his daughter without the restrictions of supervised release. ECF No. 2 at 4.

The Court has considered the relevant § 3553(a) factors and finds that none weigh against early termination of Mr. Corum's supervised release. Mr. Corum served over 74 months in prison and over four years on supervised release, which provides adequate deterrence for himself and others. Mr. Corum has a steady job and is able provide for himself. He does not require any additional educational or vocational training. The Court is not aware of any policy statements that weigh against early termination. All indications are that Mr. Corum no longer poses a threat to the community. Probation no longer believes that supervision is necessary. Termination of supervised release would help Mr. Corum build stronger relationships with his family.

For these reasons, the Court does not believe that continued supervision is necessary to protect the public, deter future crimes, or provide Mr. Corum with additional treatment. The Court therefore finds early termination "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

/ / /

/ / /

/ / /

/ / /

/ / /

4

**CONCLUSION**

For the foregoing reasons, Defendant's motion for early termination of supervised release is granted.

**IT IS SO ORDERED.**

Dated: January 10, 2025



JON S. TIGAR
United States District Judge